UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO CHAVEZ MORALES,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.<br><br>Respondents. | No. 1:26-cv-00583-DAD-CKD<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On January 23, 2026, petitioner Alvaro Chavez Morales filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he poses a danger to the community or a flight risk if released. (Doc. No. 2.) On January 23, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due

1

process required a pre-detention hearing to protect the petitioner's liberty interest in his continued release. (Doc. No. 4.)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following. Petitioner entered the United States seeking asylum in April 2024, was detained by immigration authorities, and was then released by those authorities "on his own recognizance." (Doc. No. 1 at ¶ 19.) Petitioner was re-detained by ICE on December 1, 2025. (*Id.* at ¶ 2.) The court finds its prior order in *Ayala Cajina* analogous and incorporates and adopts the reasoning set forth in that order herein.

On January 27, 2026, respondents filed an opposition to the pending motion for temporary restraining order. (Doc. No. 9.) Respondents represent that they are amenable "to a determination on the underlying habeas petition without further briefing." (*Id.* at 1.) In that opposition, respondents also argue as follows:

> Here, Petitioner has been determined by an immigration judge to be mentally incompetent to represent himself in immigration proceedings. As such, Petitioner is a *Franco-Gonzalez v. Holder* class member. As a class member, Petitioner is afforded counsel paid for by the government and the opportunity for a bond hearing before an Immigration Judge when his immigration detention reaches 180 days. Moreover, at the forthcoming bond hearing, the government bears the burden to establish by clear and convincing evidence that Petitioner is a danger or flight risk, otherwise, Petitioner will be released.

(*Id.* at 1–2) (internal citations omitted) (citing *Franco-Gonzalez v. Wolf*, No. 10-cv-02211-DMG-DTB, 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014)). Accordingly, respondents contend that petitioner, despite having been released previously on his own recognizance by immigration authorities, is not entitled to immediate release or a bond hearing until June 1, 2026, unlike the petitioner in *Ayala Cajina*, solely on the basis of his disability. The court entirely rejects this argument: Petitioner's strong "liberty interest in his continued freedom" is not lessened in any way by his status as a person suffering with a mental disability, nor are lower due process protections required by virtue of that status. *Ayala Cajina*, 2025 WL 3251083 at *3 (discussing the strong liberty interest in continued release created by the "implicit promise" which the government makes when releasing a person from its custody).

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention on September 22, 2025;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petition notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **January 28, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE